# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

SAMANTHA PERINO,
JEANNIE HETHERINGTON,
JESSICA DENNISON, and
JILL DUSENBERRY,

      Plaintiffs,

v.   No. Civ. 07-144 LH/WDS

GLENN SLAUGHTER, in his individual and
official capacities with New Mexico State Police,
FRANCES LEE and AMANDA TSO
each in their individual and official capacities with
SAN JUAN COUNTY, NM and its subsidiary the SAN JUAN
COUNTY SHERIFF'S DEPARTMENT; JOHN DOES 3
THROUGH 25, and ANONYMOUS SOURCES 1 through 3,

      Defendants.

_____   Consolidated with

JESSICA DENNISON,

      Plaintiff,

vs.   No. Civ. 08-00804 LH/ACT

GLENN SLAUGHTER, in his individual capacity,

      Defendant.

## MEMORANDUM OPINION AND ORDER

      On September 9, 2008, Defendant Glenn Slaughter filed a "Motion to Consolidate Civ 08-00804 LH/ACT into Civ 07-00144 LH/WDS" (Doc. 5) in *Dennison v. Slaughter*, No. Civ. 08-804 ("*Dennison* case"), and an identical motion (Doc. 64) in *Perino v. Slaughter*, No. Civ. 07-144

("*Perino* case"). The Court, having considered the briefs, arguments, and relevant law, and being familiar with the alleged facts in both cases, concludes that the motions to consolidate should be granted in part and denied in part. Defendant's request to consolidate will be granted, but his request for attorney's fees and costs will be denied.

## I.     BACKGROUND

These suits involve the execution of a search warrant for alleged violations of the New Mexico Liquor Control Act at the Phoenix nightclub, where each of the Plaintiffs was employed. The search warrant did not authorize searching patrons or employees and was limited to various business records related to alcohol purchases and transactions.

On February 12, 2007, Plaintiffs Samantha Perino, Jeannie Hetherington, Jessica Dennison, and Jill Dusenberry filed the *Perino* case in this Court, alleging Fourth and Fourteenth Amendment claims under 42 U.S.C. § 1983 and assault, battery, and false imprisonment under the New Mexico Tort Claims Act ("NMTCA"). Plaintiffs alleged that they were unlawfully detained, searched, and subjected to excessive force. Defendant Glenn Slaughter is the only Defendant remaining in that case, and discovery is complete.

Over a year later, on February 29, 2008, Plaintiff Jessica Dennison filed the *Dennison* case in the State of New Mexico's First Judicial District Court, alleging claims under the NMTCA. She subsequently amended her complaint to assert a First Amendment retaliation claim under § 1983 and a false imprisonment claim against only Defendant Slaughter in his individual capacity. Plaintiff Dennison alleges that she was forced on the ground, subjected to a pat-down search, and handcuffed when she requested to see the warrant. Defendant Slaughter removed the case to this Court on September 4, 2008. In a Memorandum Opinion and Order filed contemporaneously with this order, the Court denied Plaintiff's motion to remand.

On April 7, 2008, Plaintiff Dennison stated in response to a motion for summary judgment in the *Perino* case that she was withdrawing all her claims in that case. *See Perino v. Slaughter*, No. Civ. 07-144, Pls.' Resp. (Doc. 55) at 7. She continues to assert her claims in the *Dennison* case. Defendant Slaughter has moved to consolidate the cases. The *Perino* Plaintiffs failed to file a response to the consolidation motion, and the time for filing a response has passed. Plaintiff Dennison filed a response opposing the motion to consolidate; however, she failed to specifically address the merits of the motion, instead stating that it would be premature to consider consolidation until the Court ruled on the motion to remand. She requested the Court stay ruling on the motion to consolidate until it ruled on the motion to remand.

## II.    ANALYSIS

Federal Rule of Civil Procedure 42(a) allows the court to consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Where there is a common question of law or fact, a trial court has broad discretion in deciding whether to consolidate the cases for trial. *Gillette Motor Transport v. Northern Oklahoma Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950). "Where the subject matter of the claims made in separate actions arise out of the same transaction and involve common issues of law and fact, the actions have been consolidated where the rights of the parties will be adequately protected." *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982). After determining whether common questions of law or fact exist, courts should balance the savings to the judicial system in consolidating the cases against the possible inconvenience, delay, or prejudice to the parties. *See*, *e.g.*, *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982); *Nieto v. Kapoor*, 210 F.R.D. 244, 248 (D.N.M. 2002). A district court, in its sound discretion, may consolidate related cases *sua sponte*. *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

Plaintiff Dennison did not specifically request an extension of time to respond to the motion to consolidate, and she gave no reasons why she could not adequately respond to the motion to consolidate before the Court ruled on her motion to remand. In any event, the Court finds that a response would not materially assist it in determining the motions to consolidate. The Court, being very familiar with the facts of both cases, concludes that consolidation is proper and would have consolidated the cases *sua sponte* in the absence of any motion.

Both cases involve the same Defendant. Plaintiff Dennison, before withdrawing her claims in the *Perino* case, was a Plaintiff in both cases. Moreover, Ms. Dennison alleged a false imprisonment claim in both cases, a claim also asserted by the other three Plaintiffs. Both cases also involve the same facts, as all Plaintiffs' claims arise from how Defendant Slaughter executed the search warrant on March 2, 2006. Counsel in both cases are the same. Consolidation will avoid the possibility of conflicting results, promote judicial economy, and conserve limited judicial resources. Jury instructions can avoid any potential confusion or prejudice that might arise from the different claims of each Plaintiff. Although discovery is not yet complete in the *Dennison* case, while it is in the *Perino* case, given that Ms. Dennison is a party in both cases, the discovery already conducted in the *Perino* case should apply equally to the *Dennison* case. Any further delay due to discovery will thus be minimal. Finally, the Court notes that counsel for Plaintiffs could have avoided any potential delay by amending the complaint in the *Perino* case to add Ms. Dennison's retaliation claim instead of filing an entirely new complaint. For all the foregoing reasons, the cases will be consolidated under Rule 42(a). The Court, however, will deny Defendant's request for his attorney's fees and costs associated with drafting the motions to consolidate.

**IT IS THEREFORE ORDERED** that

1. Defendant Slaughter's Motion to Consolidate Civ 08-00804 LH/ACT into Civ 07-00144 LH/WDS **(Doc. 64)**, filed in **No. Civ. 07-00144 LH/WDS** is **GRANTED**;

2. Defendant Slaughter's Motion to Consolidate Civ 08-00804 LH/ACT into Civ 07-00144 LH/WDS **(Doc. 5)**, filed in **No. Civ. 08-00804 LH/ACT** is **GRANTED**;

3. The case of *Dennison v. Slaughter*, No. Civ. 08-00804 LH/ACT is consolidated with the case of *Perino v. Slaughter*, No. Civ. 07-00144 LH/WDS under the earlier-filed case number, No. Civ. 07-144 LH/WDS;

4. All magistrate duties in No. Civ. 08-00804 LH/ACT are hereby assigned to Magistrate Judge W. Daniel Schneider;

5. All further pleadings in either case must be filed under No. Civ. 07-00144 LH/WDS; and

6. Defendant's request for attorney's fees and costs is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE