IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMANTHA PERINO,
JEANNIE HETHERINGTON, and
JILL DUSENBERRY,

      Plaintiffs,

vs.                                  Civ. No. 07-144 WDS/DJS

                                      Consolidated with
                                      08-804 WDS/DJS

GLENN SLAUGHTER, in his individual and
official capacities with New Mexico State Police,

      Defendant.

## ORDER ON PLAINTIFF'S MOTIONS FOR ATTORNEYS' FEES

This matter is before the Court on the following motions: Motion for Attorney Fees (Document 137); Motion for Attorney Fees (Document 138); Second Motion for Attorney Fees (Amended)(Document 141); Second Motion for Attorney Fees (Amended)(Document 142). Defendants filed responses in opposition and a surreply.

The Court's discretion in awarding fees to a prevailing party, such as Plaintiff, is narrow. *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir.1998). Tenth Circuit precedent establishes that "when a plaintiff prevails in a civil rights suit, the plaintiff ordinarily should not have his vindication of these rights eviscerated by an obligation to pay his attorney's reasonable fees." *Id*.; also *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) ("a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.")(citation omitted); *Homans v. City of Albuquerque*, 264 F.Supp.2d 972, 976 (D.N.M., 2003); 42 U.S.C. § 1988(b). Accordingly, pursuant to 42 U.S.C. § 1988 and the Judgment of this

Court, Plaintiff is entitled to an award of reasonable attorneys' fees and expenses that were reasonably and necessarily incurred by his counsel in the successful prosecution of this case.

The Court is required to provide a concise but clear explanation of its reasons for the fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983). "To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Hensley*, 461 U.S. 424 at 437.

In this matter the defendants have raised a number of fee issues that will be addressed by the Court. Defendants first note that only one of three plaintiff's prevailed. The Court acknowledges that this is cause for reduction of the fee award, but not by the two-thirds reduction suggested by defendants. Had counsel represented only the prevailing plaintiff, Jill Dusenberry, in this litigation their workload would not have been reduced by two-thirds, but by a significantly smaller fraction. Defendants also characterize the award of damages to Dusenberry as "nominal." The Court does not agree. The jury had the option of awarding nominal damages to Dusenberry, but did not do so. Dusenberry received an award of compensatory and punitive damages directed against defendants. The fact that the amount of damages was not particularly large does not detract from the fact that the jury found that defendants had violated plaintiff's constitutional rights, and done so in a manner that justified an award of punitive damages.

Nor does the Court see the result of this trial as a "technical" or "Phyrric" victory, as suggested in defendants' response brief. The vindication of a citizen's Fourth Amendment right to be free from illegal search and seizure is a significant legal issue, and the Court finds that a public

purpose was served by this litigation.  *See, Farrar v. Hobby*, 506 U.S. 103, 121-22 (1992).

Defendants also note that they made a settlement offer of $25,000.  Defendant's argue that the verdict was only 20% of the offer, and suggest that the fee award be set at 20% of the fee request.  From a pure mathematical perspective, however, Dusenberry's share of the settlement offer would have been $8,333.00, less attorney fees and costs, leaving her approximately the same $5,000.00 awarded by the jury.  Accordingly, the Court is not persuaded by defendants' 20% argument.  The Court also notes that any argument relating to the comparative size of the settlement offer versus final verdict would be more persuasive had the offer been made early in the litigation, before the defendants' vigorous defense of this matter had resulted in the attorney fees that are the subject of this motion.

There does not appear to be a dispute in this matter regarding the proposed hourly rate to be used in calculating the "lodestar" figure.  Plaintiff's counsel have proposed a rate of $250.00 per hour for both attorneys, and $85.00 per hour[1] for paralegal work.  Plaintiff's counsel have submitted affidavits in support of their requested rates, and the Court finds those requested rates reasonable.

The time sheets submitted by plaintiffs' counsel are another matter.  First, defendants assert in their surreply that Arlen Stoker did not submit a complete time sheet, noting that Document 142-4 had no time entries, just descriptions of work performed.  With a slight bit of effort the Court located Document 138-3, consisting of two pages of work descriptions and two pages of time entries.  After a little mixing and matching the Court was able to piece together a time sheet for Mr. Stoker,

---

[1] Mr. Romero's fee application requested $85.00 per hour for paralegal work, Mr. Stoker's requested $105.00 per hour for the same paralegal and, as best the Court can tell, for the same work.  The Court finds the lower rate reasonable.

3

totaling 165.2 hours[2]. Joe Romero submitted time sheets totaling 243 hours. The Court does not find either number, standing alone, to be unreasonable in a matter such as this, given the number of depositions, motion practice, a mistrial and a trial . However, "the fee applicant bears the burden of establishing entitlement to an award and *documenting the appropriate hours expended* and hourly rates." *Case v. Unified School District No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998). The Court is required to analyze the time entries themselves to insure that the prevailing attorneys have exercised "billing judgment," 157 F.3d at 1250, and have not tried to bill to the adverse party hours that would not properly be billed to their clients. *Id*.

The defendants submitted a surreply in which they critiqued the time sheets submitted by Joe Romero. The defendants did not critique Arlen Stoker's time sheets, however the Court notes that the objections raised by defendants to Mr. Romero's time entries could fairly be applied to Mr. Stoker's time entries. The Court has attempted to balance defendants' legitimate criticism regarding the lack of detail in the time sheets with its assessment that neither attorney was guilty of overreaching in submitting the fee application. The Court will reduce the submitted hours by 15%, and multiply that number of hours by the hourly rate of $250.00 per hour for attorneys and $85.00 per hour for paralegals. That results in a "lodestar" figure of $51,750.00[3] for Mr. Romero (207 hours @ $250.00 per hour), $35,105 for Mr. Stoker (140.4 hours @ $250.00 per hour), and $2499.00 (29.4 hours @ $85.00 per hour) for paralegal time.

Having determined the lodestar figure, the Court now considers the reasonableness of those

---

[2]The Court overlaid page one of Document 138-3 on page three, and page two on page four.

[3]For the purpose of this analysis, the Court has not included a calculation of New Mexico Gross Receipts Tax. The amount of that tax should be calculated by Messrs. Romero and Stoker and added to the final fee calculation determined by the Court.

amounts compared to the results obtained. *Hensley*, 461 U.S. at 434. As noted above, the damages awarded Ms. Dusenberry were not large, but they were not nominal. She was awarded compensatory and punitive damages. The Court largely discounts defendants' eve of trial settlement offer, and defendants' suggestion that the fee award be reduced by 80%, for the reasons noted above. The Court will reduce the fee award to reflect the fact that only one plaintiff prevailed, but as noted above, that does not translate to a 67% reduction of the time reasonably spent by the attorneys in this case. Instead, the Court will reduce the lodestar figures by 40%, resulting in a fee award to Mr. Romero in the amount of $31,050.00, to Mr. Stoker in the amount of $21,063.00, and in paralegal time in the amount of $1,499.00. These figures are subject to adjustment for New Mexico Gross Receipts Tax, as noted above.

    IT IS SO ORDERED.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE